IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES DEMI,                      )
                                 )
                Plaintiff,       )
                                 )
        v.                       )
                                 )   Civil Action No. 05-404J
JO ANNE B. BARNHART,             )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
                Defendant.       )

MEMORANDUM JUDGMENT ORDER

AND NOW, this _____8th_____ day of January, 2007, upon due
consideration of the parties' cross-motions for summary judgment
pursuant to plaintiff's request for review of the decision of the
Commissioner of Social Security ("Commissioner") denying his
application for disability insurance benefits ("DIB") under Title
II of the Social Security Act ("Act"), IT IS ORDERED that the
Commissioner's motion for summary judgment (Document No. 18) be,
and the same hereby is, granted and plaintiff's motion for summary
judgment (Document No. 14) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Where the ALJ's findings of fact are supported by
substantial evidence, a reviewing court is bound by those
findings, even if it would have decided the factual inquiry

differently.  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity.  Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for DIB on March 26, 2004, alleging disability beginning February 1, 1995, due to mental problems, sciatica and cystic acne.  Plaintiff's application was denied.[1]  At plaintiff's request, an ALJ held a hearing on March 30, 2005, at which plaintiff appeared represented by counsel.  On May 19, 2005, the ALJ issued a decision finding that plaintiff was not disabled during the relevant time period.  The Appeals Council denied plaintiff's request for review on September 16, 2005, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 28 years old when his insured status expired, and he is classified as a younger individual under the

---

[1]Plaintiff filed a prior application for benefits in May 1995, and an ALJ found that plaintiff was not disabled by a decision dated October 1, 1996.  Plaintiff did not appeal that decision and it became final.  Thus, the relevant time period in this case is October 2, 1996, the day after the ALJ's adverse decision on the prior application, to December 31, 1997, the date plaintiff's insured status expired for DIB purposes.

regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a jet mechanic, cleaner and laborer, but he did not engage in substantial gainful activity at any time during the relevant time period.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff was not disabled within the meaning of the Act during the relevant time period. The ALJ found that although the medical evidence established that plaintiff suffered from the severe impairments of bipolar disorder, personality disorder, adjustment disorder, a history of alcohol dependence, panic disorder and degenerative disc disease, those impairments, alone or in combination, did not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retained the residual functional capacity to perform a range of light work with a limitation to occasional balancing, stooping, kneeling, crouching, crawling and climbing. In addition, plaintiff was limited to work that involves simple, routine, repetitive tasks that are not performed in a fast-paced production environment. Further, plaintiff required work that involves only simple work-related decisions and relatively few work place changes, as well as only occasional interaction with supervisors, co-workers and the public (collectively, the "RFC Finding"). As a result of these

%AO 72
(Rev. 8/82)

limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enabled him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a stock inventory clerk, private household cleaner, janitor, mail sorter or routing clerk, coupon redemption clerk or floor worker. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act during the relevant time period.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he

%AO 72
(Rev. 8/82)

- 4 -

has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ erred by concluding that his impairments did not meet or equal any listing in Appendix 1 during the relevant time period. Further, plaintiff asserts that the ALJ's step 5 finding that he retained the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from

performing any gainful activity. 20 C.F.R. §404.1525(a); <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000).

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. <u>Burnett</u>, 220 F.3d at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is  equivalent to a listed impairment. <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. <u>Burnett</u>, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that his impairments met, or were equal to, listing 1.04 (relating to disorders of the spine), 12.04 (relating to affective disorders) and/or 12.06 (relating to anxiety disorders) during the relevant time period. Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff had the severe impairments of bipolar disorder, personality disorder, adjustment disorder, a history of alcohol dependence, panic disorder and degenerative disc disease. The ALJ determined, however, that plaintiff's impairments did not meet or equal a listed impairment. The ALJ stated that he considered the listings contained in sections 1.04, 12.04, 12.06, 12.08 and 12.09, and he specifically found that plaintiff's condition did not meet or equal the

criteria of any listing. The ALJ then explained his reasoning as to why plaintiff's impairments did not meet or equal those listings. (R. 16-17).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments met, or was equal to, a listing during the relevant time period. Other than broadly asserting that he was disabled at step 3, plaintiff did not identify medical evidence of record which established that he satisfied any listing's criteria. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds, neither of which the court finds persuasive. Plaintiff

argues that the ALJ erred at step 5 because: (1) he did not properly evaluate plaintiff's subjective complaints regarding his limitations; and (2) he gave inadequate weight to the opinion of plaintiff's treating physicians. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first claims that the ALJ erred in evaluating his subjective complaints regarding his limitations. According to plaintiff, "[t]he treatment notes confirm [his] complaints of pain and his limitations." However, other than this general assertion, plaintiff does not cite the treatment notes to which he refers.

A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ analyzed plaintiff's subjective complaints in detail, and he explained why he found plaintiff's testimony not totally credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and statements by his physicians about his symptoms and how they affect him. See 20 C.F.R. §404.1529(c)(1); Social

Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 18). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 18-19), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next broadly contends that the ALJ erred by giving inadequate weight to the opinions of his treating physicians, particularly regarding his mental health diagnosis. Despite plaintiff's general contention, he did not identify which treating physician's opinion he believes the ALJ failed to properly assess.

To the extent plaintiff refers to a statement by a physician from the Veterans Administration Medical Center ("VMAC") that he was unable to work, the ALJ considered that assessment. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 43. Here, the ALJ properly determined that the VMAC

physician's conclusory opinion, which was stated in a treatment note without reference to any objective medical evidence (R. 178), was not entitled to controlling weight because it was not supported by the other evidence of record.   (R. 18).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff was not disabled within the meaning of the Act during the relevant time period.  The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous.    Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:   J. Kirk Kling, Esq.
      630 Pleasant Valley Boulevard
      Suite B
      Altoona, PA 16602

      John J. Valkovci
      Assistant U.S. Attorney
      224 Penn Traffic Building
      319 Washington Street
      Johnstown, PA 15901